# Alabama City G. & A. Ry. Co. *v.* Bates.

*Damages for Injury to Passenger.*

(Decided May 14, 1908.  46 South. 776.)

1. *Appeal and Error; Review; Subsequent Appeal.*—Where the judgment from which a former appeal was taken showed a ruling on demurrer to certain pleading and the judgment was reversed by this court; and on a second appeal, the record not showing any rulings on demurrer subsequent to the reversal on the first appeal, rulings on demurrer are not presented for review on second appeal; since the former reversal is conclusive on all questions which were or might have been raised.

2. *Same; Record; Judicial Notice.*—This court will take judicial notice of the record in a former appeal and of the result of such appeal.

3. *Carriers; Passengers; Injury; Negligence; Instructions.*—In an action against a street car company for injuries sustained by a passenger while attempting to board the car, a charge asserting that negligence is the failure to do what a reasonable and prudent person would have done under the circumstances or the situation, or doing that which a prudent person under existing circumstances would not have done, is not erroneous in the case at bar.

4. *Same; Duty to Passengers.*—It is the duty of a street car company as the carrier of passengers to use such care, skill and diligence towards passengers as a careful and prudent person engaged in such business would exercise.

5. *Same; Acceptance of Passengers.*—The mere knowledge of the conductor that a person intended to board a train with intent to take passage is not of itself an acceptance as a matter of law of such person as a passenger; and while there may be an implied acceptance by the company of a person as a passenger, the fact that the plaintiff presented himself on the platform of a street car and was approaching the entrance of the car, or had put his hand upon the hand hold, and raised his foot for the purpose of entering, did not as a matter of law, make him a passenger, although the conductor knew these facts.

6. *Charge of Court; Instructions; Error Cured by Subsequent Instruction.*—A charge erroneously stating the circumstances that would amount to an acceptance by a street car company of a person as a passenger, is not cured by a subsequent charge asserting that an acceptance of plaintiff as a passenger by the company war necessary to make him a passenger.

APPEAL from Etowah Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Perryman Bates against the Alabama City, Gadsden & Attalla Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Action for damages for injuries received in an alleged attempt to take passage on one of defendant's electric cars. Judgment for plaintiff in the sum of $4,000. For the pleadings and facts in this case, see 149 Ala. 489, 43 South. 98. The following portions of the oral charge were excepted to by the defendant:

"Negligence is the failure to do what a reasonable and prudent person would have done under the circumstances or the situation, or doing that which a prudent person under existing circumstances would not have done."

"If plaintiff was a passenger on defendant's car, under the rules I will give you, it was the duty of the defendant as a common carrier of persons to use care, skill, and diligence towards plaintiff, and such care as careful and prudent persons engaged in a like business would

exercise. And if the jury find that the defendant did not use such care, and that as a proximate result of said failure plaintiff received the injuries complained of in this suit, then the jury should find for the plaintiff, unless you find that he was guilty of contributory negligence which proximately contributed to his injuries, as will be shown in the subsequent part of this charge."

"Now, then, gentlemen, if you believe reasonably from the testimony in this case and you are reasonably satisfied from the evidence that the plaintiff presented himself on the platform there, and was approaching the entrance into the car, or had come near to the place of entrance, or had put his hands upon one of the handholds and raised his foot with the purpose of entering the car, and the conductor knew this condition of affairs, then I charge you, gentlemen, that man became and was from and after that time a passenger, or at least for the time being a passenger, on defendant's road."

"Proximate cause, as applied to contributory negligence, is want of ordinary care upon the part of the person injured by the wrongful act of another."

"Now, then, gentlemen, go back a little. I say to you that if plaintiff in this action was upon the platform that night, and near that car, and the conductor understood from expressed words or from the promise of the plaintiff himself that it was his bona fide intention to take passage upon that car that evening or night, and that he was approaching the car for that purpose, and the conductor saw him approaching the car as described by the witnesses, then I say to you, gentlemen, he became a passenger, and was entitled to protection and consideration as a passenger upon that train."

"Now the question arises, was that injury the result of negligence upon the part of the defendant? If it was, the defendant should pay for it. If it was not, and was

the result of the negligence of the plaintiff, or of somebody else, then the defendant should not pay for it. That is about the whole of it, as I understand it."

"I understand plaintiff is not insisting upon anything in this suit but actual damages. That is all that he is asking, that he be compensated for the injury; and that compensation you should give him, if you find that defendant negligently inflicted that injury upon his person, or brought it about; and it is a matter for you to de-termine. It is not a matter for me."

HOOD & MURPHREE, for appellant. The demurrer to the 4th count should have been sustained.—*A. C. G. & N. Ry. Co. v. Bates,* 43 South. 98; *Johnson v. Bir. Ry.. L. & P. Co.,* 43 South. 33; *City Del. Co. v. Henry,* 139 Ala. 161. The court's oral charge was defective.—*G. & A. U. Ry. Co. v. Cansler,* 97 Ala. 235.

GOODHUE & BLACKWOOD, for appellee. The court will not consider matters assigned of error which arose prior to the first appeal.— 3 Cyc. 398; *Greeley Barnum Co. v. Cottingham,* 39 South. 567. No rulings on demurrer have occurred since the reversal of this case on a former appeal, hence, the rulings on pleadings will not be considered on this appeal. The following cases fully support the oral charge as given by the court.—*Southern Ry Co. v. Burgess,* 143 Ala. 364; *Frazer v. A. G. S.,* 93 Ala. 45; *Tanner v. L. & N.,* 60 Ala. 621; *Gray v. Mobile Trade Co.,* 55 Ala. 387; 36 N. Y. 278.

ANDERSON, J.—In the judgment from which this appeal is prosecuted it does not appear that there was a ruling upon demurrers to the fourth count. It does appear on a former judgment; but an appeal was prosecuted to this court subsequent to the rendition of said judgment, and the cause was reversed and remanded.

The case then stood as though such judgment had not been rendered, and the record fails to show any ruling on demurrer since said reversal.—*Greely Co. v. Cottingham* (Ala.) 39 South. 567. "The general rule is that on a second or subsequent appeal or writ of error the court will not consider matters assigned as error which arose prior to the first appeal or writ of error, and which might have been raised thereon, but were not, or matters appearing in the original record, which might have been corrected on the first hearing, but were not urged."—3 Cyc. 398. This court will take judicial notice of the record in the former appeal of this identical case, and the result of same, since it has been suggested to us in brief of counsel.—3 Cyc. 179; *Dawson v. Dawson,* 29 Mo. App. 521; *Schneider v. Hesse,* 9 Ky. Law Rep. 814; *Thornton v. Webb,* 13 Minn. 498 (Gil. 457); *Symmes v. Major,* 21 Ind. 443. We therefore decline to consider the assignments of error relating to the ruling on the demurrers to the complaint.

Definitions of negligence are numerous and variant, both in text-books and judicial opinions; but the definition given by the trial judge in the case at bar finds support in the case of *Baltimore R. R. Co. v. Jones,* 95 U. S. 439, 24 L. Ed. 506. But, whether accurate or not, in the general acceptation, it was not erroreous when applied to the defendant in the case at bar, a carrier of passengers.—*So. R. R. Co. v. Burgess,* 143 Ala. 364, 42 South. 35; *Grey's Ex'r, v. Mobile Co.,* 55 Ala. 387, 28 Am. Rep. 729. Nor was there error in the second portion of the oral charge excepted to as to the duty of care and skill due a passenger.—*So. R. R. Co. v. Burgess, supra.*

The third part of the oral charge, excepted to by the defendant, was bad. The plaintiff did not per se, as matter of law, become a passenger under the conditions set out; yet the trial court assumed that a mere knowl-

edge of the plaintiff's position, and of his purpose to take passage, by the conductor, was the equivalent of an acceptance of the plaintiff as a passenger. It is true there can be an implied acceptance; but it was error to say, in the case at bar, as matter of law, that mere knowledge on the part of the conductor of plaintiff's attempt to board the train, with the intent to take passage, was of itself an acceptance, which inquiry was for the jury. While the entire oral charge should be considered in passing on those portions excepted to, we cannot say that the error complained of was cured by the general oral charge. It is true the court elsewhere charged that an acceptance of the plaintiff was necessary to make him a passenger; yet this did not cure the vice of the portion excepted to, which consisted in telling the jury that the plaintiff became a passenger because of his attempt and intent, if it was known to the conductor, and the effect of which was to tell them that knowledge on the part of the conductor was of itself an acceptance.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.