## FIRST NAT. BANK OF DOTHAN v. SANDERS.

### 4 Div. 695.

Supreme Court of Alabama.

Oct. 5, 1933.

H. R. McClintock, of Dothan, for appellant.

314

C. L. Rowe, of Elba, for appellee.

GARDNER, Justice.

Plaintiff and his companion, Culver, were invited by one Brock to ride on the Ford roadster which the latter was driving. The proof tends to show that upon Culver entering the car and taking his seat by Brock there was not sufficient room for another, and plaintiff stood upon the running board with the knowledge and approval of Brock. While thus .riding and holding on to the car top, plaintiff, by a sudden stop of the car, was thrown several feet and suffered severe injuries.

On former appeal (First National Bank of Dothan v. Sanders, 225 Ala. 417, 143 So. 578), it was in effect conceded the evidence sufficed for the jury's consideration that Brock was at the time acting as the agent of the defendant in the use of the automobile, and within the line and scope of his authority, though without authority to invite another to ride, and the holding was that plaintiff, being a mere licensee, could only recover under the particular facts of this case upon the theory of a wanton or willful injury inflicted by Brock in the use of the automobile. The verdict was rested on count 6, which was for simple negligence, and the judgment was accordingly reversed.

Upon the second trial plaintiff eliminated count 6 and went to the jury on wanton count A, and recovered the judgment, from which this appeal is prosecuted.

The demurrers interposed to count A on the first trial were not reinterposed upon the second trial, and of consequence no ruling had thereon since the reversal of the judgment. Under the uniform decisions of this court, there is therefore nothing here presented for review as to the demurrers to said count, and assignments of error based thereon are without merit. Alabama City, G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776, 778; McGeever v. Terre Haute Brewing Co., 201

Ala. 290, 78 So. 66; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423.

The effect of the reversal of the former judgment by this court was to annul it in its entirety, and set aside all rulings of the court on the pleadings embodied therein. Marsh v. Elba Bank & Trust Co., supra. As said in Alabama City, G. & A. R. Co. v. Bates, supra, the judgment having been reversed and the cause remanded, "the case then stood as though such judgment had not been rendered." And it is the generally accepted rule that such a judgment so reversed cannot be made the basis of res adjudicata. 34 Corpus Juris, 773–899. The plea of res adjudicata as to count A, based upon the finding of the jury on count 6 on the former trial, was therefore insufficient, and the demurrers thereto properly sustained. State ex rel. Scullin v. Robertson (Mo. Sup.) 187 S. W. 34.

The use of the word "believes" instead of the words "reasonably satisfied" in the refused charge made the basis of the third assignment of error sufficiently justifies the trial court in its refusal. St. Louis-San Francisco Ry. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433. Moreover, the substance of this charge was embraced in the oral charge of the court as well also in one of defendant's given charges.

The refused charge made the basis of the fourth assignment of error is misleading. Count 8, in the case of Crider v. Yolande Coal & Coke Co., 206 Ala. 71, 89 So. 285, cited by appellant, was a subsequent negligence count, and that authority is here inapt. Count A in the instant case is one of wantonness, as to which contributory negligence referred to in the charge is no defense. The charge was refused without error.

To constitute wantonness, it was not essential that Brock, the driver of the car, should have entertained a specific design or intention to injure the plaintiff (Allison Coal & Transfer Co. v. Davis, 221 Ala. 334, 129 So. 9; Central of Georgia R. Co. v. Corbitt, 218 Ala. 410, 118 So. 755; Duke v. Gaines, 224 Ala. 519, 140 So. 600, 601), and the refused charge appearing in the fifth assignment of error so requiring was properly refused. We may add that the oral charge of the court in the definition of wantonness correctly followed the above-noted decisions.

Nor are we of the opinion defendant was due the affirmative charge as insisted. The jury could reasonably infer from the evidence that Brock, the driver, with a knowledge of plaintiff's position of danger, standing on the running board of the automobile, and while running at considerable speed, abruptly and without warning brought the car to a complete and sudden stop, and producing such a jerk as to throw the plaintiff into the roadway some ten or twelve feet in advance of the car, and plaintiff's companion, Culver, who was on the seat, with much force against the dashboard. The manner of plaintiff's fall from the car and the severity of the injuries received, particularly the breaking of the large bone of his leg which cut through the flesh and skin, and the injury to his shoulder, all tend to indicate the suddenness and abruptness with which the car was brought to a stop.

"Wantonness is a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party could be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury." Duke v. Gaines, supra.

As to whether or not these essential elements were established from the proof was a jury question, and the affirmative charge properly refused.

There was in fact but little conflict in the proof, and we do not consider the motion for a new trial based upon the ground that the verdict was contrary to the great weight of the evidence needs any detailed discussion. Nor are we prepared to say the verdict was excessive. Plaintiff's injuries were severe. He lost much time, incurred considerable expense, and suffered much pain. In addition, his injury to his leg is permanent. But we omit any detail discussion. These two grounds of the motion for new trial have been given careful consideration in consultation, and the conclusion reached the ruling of the trial court thereon should not be here disturbed.

The assignments of error argued have been considered, and no reversible error appears. The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.