177 So. 642

**SOVEREIGN CAMP, W. O. W. v. MOORE.**

**I Div. 968.**

Supreme Court of Alabama.

Dec. 16, 1937.

Lyons, Chamberlain & Courtney, of Mobile, for appellant.

William J. Young, of Mobile, for appellee.

KNIGHT, Justice.

This is the second appeal in this case. Sovereign Camp, W. O. W. v. Moore, 232 Ala. 463, 168 So. 577. On the former appeal the cause was reversed for error in rulings on the pleadings, and in the opinion on that appeal may be found a full discussion of the principles of law applying in the case. We need not here restate the same.

█ The first and second assignments of error relate to a ruling of the court, made prior to the former appeal, sustaining plaintiff's demurrer to amended pleas 4 and 5. After the reversal and remandment of the cause, no new ruling was made as to the sufficiency of these pleas, and hence there is no basis in fact for these assignments.

On April 11, 1934, the court sustained the plaintiff's demurrers to amended pleas 2, 4, and 5. Prior to the amendment of the pleas, the court had sustained a similar demurrer to original pleas 2, 3, 4, and 5. Replications were then filed to pleas 3, 6, and 7 by the plaintiff. It is quite clear that it was by oversight that these replications included plea 3, as that plea had been put out of the case. The case was tried upon that theory. The first trial resulted in verdict and judgment for plaintiff, and an appeal therefrom was prosecuted to this court. This court reversed the judgment for error in sustaining the demurrers to amended plea 2.

On remandment of the cause, no further ruling was invited or had on the sufficiency of amended pleas 4 and 5, and the question of whether these pleas were in or out of the case is not presented. Certain it is, that no ruling was made on the sufficiency of these pleas since the reversal of the cause.

█ The effect of the reversal of the former judgment by this court was to annul it in its entirety, and set aside all rulings of the court on the pleadings embodied therein. Arlington Realty Co. et al. v. Lawson, 230 Ala. 499, 162 So. 107; First Nat. Bank of Dothan v. Sanders, 227 Ala. 313, 149 So. 848; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423; Alabama City G. & A. Ry. Co. v. Bates, 155 Ala. 347, 46 So. 776; and Sellers, et al. v. Dickert, 194 Ala. 661, 69 So. 604.

After the return of the case to the circuit court, the plaintiff filed 4 replications to plea 2 as amended. The defendant demurred to the second, third, and fourth replications. The court sustained the demurrer to the second replication, but overruled it as to the third and fourth.

█ A replication to a plea to be good must either traverse or confess and avoid the matter pleaded, or present matters of estoppel. Burnett & Bean v. Miller, 205 Ala. 606, 88 So. 871, and Owensboro Wagon Co. v. Hall, 149 Ala. 210, 43 So. 71.

█ Replication 3 did not traverse, nor did it confess and bring forward matters in avoidance of the defense set up in plea 2. In fact, it did not attempt to answer the matters of defense set up in said plea, and for this reason was subject to demurrer. However, there was no ground of demurrer pointing out this defect, and, as this replication was not subject to the grounds of demurrer assigned to it, the court committed no error in overruling the same.

■ We are fully persuaded that the plaintiff's fourth replication was not subject to any grounds of defendant's demurrer, and the court committed no error in overruling it.

The court in its oral charge fully covered the applicable principles of the law' of the case. This charge was as favorable to the plaintiff, as the facts warranted, or the law justified, but the plaintiff' nevertheless requested and had the court to give the jury 11 written charges, and the correctness of these charges is now before us for review.

■ Charges 4, 6, and 7, if not otherwise faulty, entirely ignored the question of whether or not the policy had lapsed by reason of the nonpayment of assessment due for the month of July, as set up in special plea 7.

■ Charges 8, 9, and 10, given at request of plaintiff, were bad in that the insured warranted, contracted with the insurer, that he was in good health, and, being a·warranty, it was wholly immaterial whether the insured knew, or did not know, at the time he made the application, that he was not, in fact, in good health, but was afflicted with chronic intestinal nephritis, a serious disease, which increased the risk of loss. Sovereign Camp, W. O. W. v. Moore, supra, and Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307.

■ Charge 19, given at the request of plaintiff was also bad. It is not a correct statement of the law. Whether the statements made were made with the actual intent to deceive, is not the sole test, but the policy would be avoided if the warranty, or the matter misrepresented, increased the risk of loss. Code, § 8507, Sovereign Camp, W. O. W. v. Moore, supra.

■ Charge 2 requested by defendant was fully covered by the court in its oral charge, and hence the court's refusal of this charge was justified.

Charges 4 and 5 requested by the defendant (each of which was the general charge that the plaintiff could not recover under the evidence), were properly refused, as the evidence was sufficient to carry the case to the jury on the question of payment or tender of assessments, and on waiver of defenses set up in plaintiff's replications.

Appellant insists that the court committed error in refusing to charge the jury in the language of·its refused charge 18, set out on page 146 of the transcript.· We find no such charge·on page 146 of the transcript, nor anywhere else in the record. This sufficiently answers this insistence of appellant.

■ Under the pleadings in this cause, defendant's requested charge B was abstract.

■ Charge C, so lettered by us for identification and convenience, entirely ignored that phase of the case setting up a waiver of all defenses except as to the one question of forfeiture for nonpayment of the July assessment.

■ We find in appellant's brief much discussion of prejudicial errors committed by the court on admission and exclusion of evidence, but we find no assignments of error which present such questions for review here.

We find no other questions of merit presented by the record.

For the errors pointed out, the judgment of the circuit court must be reversed, and the cause remanded for new trial in conformity to the views above expressed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.