1 So.2d 8
### CHRISTIAN BENEVOLENT BURIAL ASS'N, Inc. v. THORNTON.
I Div. 137.

Supreme Court of Alabama.
March 20, 1941.

14

See, also, 239 Ala. 245, 194 So. 821.

Geo. A. Sossaman, of Mobile, for appellant.

Robert T. Ervin, Jr., and J. E. Meredith, both of Mobile, for appellee.

FOSTER, Justice.

This case was here on former appeal. 239 Ala. 245, 194 So. 821.

It was first tried on counts 1, 2 and 3. On that trial the court gave defendant the affirmative charge on counts 1 and 3, and left count 2 for the jury on which a verdict was rendered for plaintiff. Defendant appealed, and plaintiff did not cross-assign errors, so that the only questions involved on that appeal related to count 2. This Court held that the affirmative charge should have been given defendant on that count. But on that appeal the right to recover on counts 1 and 3 were not considered. On another trial, plaintiff eliminated count 2 and went to trial on counts 1 and 3, to which defendant pleaded the former judgment as res adjudicata. The trial court sustained demurrer to that plea. The ruling was correct.

The reversal of the judgment in this Court had the effect of annulling it in its entirety, including all rulings on the pleadings, and the case stood as though no judgment had ever been rendered. It was not res adjudicata as to any ruling embraced in it. First National Bank of Dothan v. Sanders, 227 Ala. 313, 149 So. 848; Sovereign Camp, W. O. W. v. Moore, 235 Ala. 117, 177 So. 642; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399.

The court overruled demurrer to plea 3, and sustained it to pleas 4, 5 and 6. Those pleas are obviously insufficient, and need no comment in that respect.

To plea 3, plaintiff filed two special replications, besides the general issue. Demurrer to those replications was overruled, and defendant assigns the ruling as to each as error. Replication No. 2 to plea 3 will be set out in the report of the case. The contention is that this replication does not show that the person, one Alphonse Russell, whose conduct is there charged to defendant, was the agent duly authorized to act for defendant. Attention is called to the allegation in the replication that he was acting within the actual or apparent scope of his authority as such.

An agent with due authority may by agreement duly made with insured

change a specific stipulation in the policy before default has occurred, though the policy has a clause prohibiting such a change. Home Ins. Co. v. Jones, 231 Ala. 484, 165 So. 211 (15); London & Lancashire Ins. Co. v. McWilliams, 215 Ala. 481, 110 So. 909; Hartford Fire Ins. Co. v. Aaron, 226 Ala. 430 (5), 147 So. 628; Provident Life & Acc. Ins. Co. v. Hudgens, 229 Ala. 552, 158 So. 757.

 But an agent whose authority was merely to solicit insurance, deliver policies and collect premiums has no power to change stipulations in the contract of insurance. New York Life Ins. Co. v. Crumpton, 230 Ala. 147, 160 So. 332; Life & Casualty Ins. Co. v. Crow, 231 Ala. 144, 164 So. 83; Southern States Life Ins. Co. v. Dunckley, 226 Ala. 588, 148 So. 320.

The agent who does so must be a general agent of the insurer, Protective Life Ins. Co. v. Green, 226 Ala. 512, 147 So. 442; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669 (14), 117 So. 307, or be specially authorized in that respect, or be one whose course of dealing in that respect has been ratified. 29 Am.Jur. 334, 335, Insurance, section 394.

Plea 3 to which replication 2 purported to answer set out the policy in full, and contained a clause entitled "Payment of Premiums." This replication was in substance that though this provision was not observed, Russell, "acting within the actual or apparent scope of his authority as such" agent, made a different arrangement with the insured as to the manner of payment. Such allegations are not sufficient averment either of a general agency or of a specially authorized agent to make such change. The allegation that he was within the "apparent" scope of his authority is not an apt method of alleging such authority, assuming that it is otherwise sufficient. 2 Am.Jur. 347 (7 and 8); 2 Corpus Juris 905, Agency, § 611, 3 C.J.S., Agency, § 305; Brown v. Commercial Fire Ins. Co., 86 Ala. 189, 5 So. 500; National Park Bank v. Louisville & Nashville R. R. Co., 199 Ala. 192 (9), 74 So. 69; 49 Corpus Juris 70, Pleading, section 55. Compare Tollett v. Montgomery Real Estate & Ins. Co., 238 Ala. 617 (12), 621, 193 So. 127; Blackwood v. Maryland Casualty Co., 24 Ala. App. 527, 528 (9), 137 So. 467. The demurrer to replication 2 to plea 3 should have been sustained.

Replication No. 3 to plea 3 will also be set out in the report of the case.

The date of January 7, *1938* is evidently a mistake, and should be January 7, 1939, though the receipt itself is dated as in the replication.

The payment of 95 cents at the "Home Office" of defendant was made to Lillian Butler, as agent of defendant. It does not allege the extent of her authority. But an allegation that she was in the home office and was an agent is sufficient allegation of her authority to accept the money. But at that time the policy had lapsed for nonpayment of four weekly premiums. It provided for a reinstatement after a lapse, "upon application therefor and payment of all arrears and the presentation of evidence satisfactory to the association of the sound health of insured." This replication does not allege that evidence of sound health was presented, nor show that it was waived. Such evidence is a necessary element of a reinstatement under that sort of policy. Sovereign Camp, W. O. W. v. Cox, 221 Ala. 58, 127 So. 847.

This replication does not allege that either Lillian Butler or any one else undertook to waive that condition, but only that the amount paid was the full amount then in arrears. The replication was subject to demurrer for the reasons which we have discussed.

The incidents of the trial, evidence and charge of the court demonstrate that it was not conducted consistently with the principles of law we have discussed, and which we think have application.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.