Army Aviation Center Federal Credit Union (Credit Union) petitions this Court for a writ of mandamus directing the Honorable Terry L. Butts, Judge of the Coffee County Circuit Court, to limit the issues on retrial in the above captioned case to whether the Credit Union breached a contract with the plaintiff. The Credit Union seeks further to have the writ directed to Judge Butts to permit only the testimony of qualified members of the bar on the issue of the reasonableness of attorney's fees with regard to the contract. The writ is granted in part and denied in part.
The necessary facts to be considered in the resolution of the cause are as follows:
On December 18, 1981, James E. Poston individually, and Jim Poston Homebuilders, Inc. (referred to together hereinafter as Poston), filed suit against the Credit Union. The complaint as amended alleged five claims: (1) misrepresentation and/or deceit; (2) outrageous conduct; (3) bad faith breach of contract; (4) breach of contract; and (5) breach of an oral agreement and tortious interference with a contractual relationship.
At trial the Credit Union moved the court to direct a verdict in its favor at the close of Poston's case. This motion was granted by the trial court with regard to those counts of the complaint denoted as "second claim," "third claim," and "fifth claim," but was denied as to the "first claim" and "fourth claim." The jury returned a verdict for Poston for $65,000.
The Credit Union appealed to this Court, and in Army AviationCenter Federal Credit Union v. Poston, 460 So.2d 139 (Ala. 1984), we held: "In this case, there is a total absence of any evidence of probative value tending to show the Credit Union's intent to deceive or its intent not to perform as promised; therefore, the trial court should have granted the Credit Union's motion for a directed verdict." 460 So.2d at 143.
Accordingly, the action was remanded to the circuit court. The Credit Union filed a motion for restriction of issues on retrial for the purpose of limiting the issue on retrial to the breach of contract claim only. It also filed a motion in limine for the purpose of excluding certain testimony on the issue of attorney's fees. On February 4, 1985, Judge Butts entered an order denying both motions. This petition for writ of mandamus followed.
The Credit Union offers three grounds to support its request for the writ. First, it argues that the trial court should not permit litigation of the claims for outrageous conduct, bad faith breach of contract, breach of an oral agreement, or interference with contractual relations because those claims are barred by res judicata. At trial, a verdict was directed in favor of the Credit Union with regard to those issues. When the Credit Union appealed, Poston did not cross-appeal as to the efficacy of that directed verdict. We hold that the failure to do so operates as a bar to relitigation of those issues. In cases where an appeal is taken with respect to only a *Page 381 
particular issue or issues, there can be no retrial after remand of issues previously tried and determined but not appealed from. Sewell Dairy Supply Co. v. Taylor,113 Ga. App. 729, 149 S.E.2d 540 (1966); 5B C.J.S. Appeal and Error § 1989 (1958). The instant case falls under that principle.
A second ground upon which the Credit Union bases its request for the writ is this Court's prior decision on appeal with regard to the issue of misrepresentation. In that prior decision, we held that insufficient evidence of misrepresentation was presented at trial and that the trial judge should have granted the Credit Union's motion for directed verdict as to that issue. The Credit Union argues that this prior holding precludes relitigation of the misrepresentation issue on remand. We agree.
This Court has clarified the distinctions between evidentiary challenges as follows:
"`For the sake of clarity, we restate the familiar: other than objections to admissibility, evidentiary challenges are divided into two separate and distinct categories: 1) sufficiency of the evidence, raised by motions for directed verdict and for J.N.O.V. and measured by the objective "scintilla rule"; and 2) weight and preponderance of the evidence, raised by motion for a new trial and measured by the more subjective "palpably wrong, manifestly unjust" standard.'"Ex parte Alabama Power Co., 431 So.2d 151, 153-154 (Ala. 1983) (quoting from Casey v. Jones, 410 So.2d 5, 8 (Ala. 1981).
Those distinctions are important for our purposes, because when a case is reversed upon the ground that the verdict is contrary to the weight of the evidence, and the case is sent back for new trial, the court below may uphold another verdict upon the same evidence, if, in its judgment, it is proper to do so; on the other hand, when a case is reversed upon the ground of insufficiency of the evidence to sustain the verdict, that decision constitutes a final adjudication, and cannot be relitigated in the court below. Garmon v. King Coal Co.,409 So.2d 776 (Ala. 1981). Therefore, because the issue of misrepresentation was disposed of by this Court when we found insufficient evidence to support the claim, that decision constituted a final adjudication. It thus applies to bar any further litigation regarding that issue.
The Credit Union asserts as a final ground for requesting the writ that the trial judge should be ordered to exclude certain evidence regarding the issue of reasonableness of attorney's fees. The Credit Union filed a motion in limine for this purpose, but it was denied by the trial court. Now it seeks mandamus to accomplish this end.
Mandamus is an extraordinary remedy. "The petitioner's right to relief must be clear and there must be no other adequate remedy." Ex parte Harrington Manufacturing Co., 414 So.2d 74,76 (Ala. 1982). Mandamus is not a substitute for appeal. Exparte South Carolina Insurance Co., 412 So.2d 269 (Ala. 1982).
In view of the fact that an order denying a motion in limine is reviewable on appeal, a mandamus petition seeking to have that order vacated cannot be granted. As this Court has stated, "[W]e are not inclined to issue the writ of mandamus in this discretionary area of evidence when the [party seeking it] has a remedy by appeal." Ex parte Houston County, 435 So.2d 1268,1271 (Ala. 1983). However, this Court will grant the writ to direct the trial court to limit the issue on retrial to the contract claim only, because petitioner has no adequate remedy other than mandamus.
We therefore grant the writ of mandamus as to the Credit Union's first two offered grounds, but deny the writ as to the evidentiary question.
WRIT GRANTED IN PART, AND DENIED IN PART.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON and SHORES, JJ. concur. *Page 382