INGRAM, Justice.
This is the second time this case has been before this Court. For the prior history, see American Family Care, Inc. v. Irwin, 571 So.2d 1053 (Ala.1990) (“AFC I”).
In AFC I, this Court upheld the trial court’s imposition of a constructive trust on 706 shares of American Family Care (“AFC”) stock in favor of AFC. However, we modified the trial court’s order to permit the constructive trust to be dissolved upon the satisfaction of the trial court that The Physicians P.C. (“P.C.”) had repaid to AFC
“all sums that AFC has paid directly to SouthTrust on P.C.’s note to SouthTrust; and all sums that AFC has paid to P. C. since January 1, 1987, as the result of Blake’s breach of fiduciary duties owed to AFC, plus interest at the legal rate of 12% per annum from the date of such payments.”
571 So.2d at 1061. (Emphasis added.) The trial court’s judgment was affirmed as modified. Subsequently Dr. James D. Blake petitioned the trial court to determine the amount required to dissolve the trust. The trial court held an evidentiary hearing and, in part, found that AFC had paid $115,426 on P.C.’s note to SouthTrust and $230,668 in overpayments, at the rate of $1,000 per month per doctor, plus interest. Blake does not contest these findings and rulings because he contends that they were made in accordance with this Court's mandate in AFC I.
Rather, this appeal concerns whether the trial court erred in allowing testimony and deciding that other actions by Blake (other than the $1,000 per doctor per month breach as found by the trial court in AFC I) constituted additional breaches of fiduciary duty. Blake contends that these alleged breaches of fiduciary duty have been previously adjudicated in AFC I and that any action based on them is now barred by the doctrine of res judicata.
*7 The doctrine of res judicata bars litigation of subsequent claims that involve the “ ‘identical parties, facts and subject matter litigated, or those which could have been litigated, in an earlier lawsuit.’ ” Higgins v. Henderson, 551 So.2d 1050 (Ala.1989), citing Chavers v. National Sec. Fire & Cas. Co., 456 So.2d 293 (Ala.1984). First, there must be a substantial identity between the parties in the prior and subsequent suits. Second, there must be the same cause of action in both suits. Third, the previous case must have been decided by a court of competent jurisdiction. Fourth, the previous adjudication must have reached the merits of the case. Missildine v. Avondale Mills, Inc., 415 So.2d 1040 (Ala.1981).
AFC I was a shareholder’s derivative suit brought by Dr. Bruce Irwin, ostensibly for the benefit of AFC. The action was against Blake and it alleged breaches of fiduciary duties owed by him to AFC as an officer and director. In fact, the complaint in AFC I alleged numerous breaches of fiduciary duty by Blake; Irwin requested the court to grant a judgment in favor of AFC on those claims alleging breach of these fiduciary duties. Irwin sought to recover all amounts paid to P.C. that exceeded the compensation called for in a written agreement between AFC and P.C. However, the trial court’s judgment made only one finding concerning any alleged breach of fiduciary duty. That finding concerned the appropriateness of an additional-$1,000 payment to the doctors:
“ ‘Although the issue is strongly contested, the Court finds that AFC increased its payment to [P.C.] by $1,000 per doctor per month in 1988 in order to provide [P.C.] with the funds necessary to pay the monthly payments on the [P.C.] notes, first to Central Bank and then to SouthTrust.’ ”
571 So.2d at 1056. The trial court made no specific finding concerning any other alleged breach; rather, it summarily denied all other claims, stating, “All claims in this ease not previously dismissed or ruled upon above are denied.” In the appeal of AFC I, Irwin never contended that the trial court erred in denying his other claims of alleged breaches of fiduciary duty by Blake.
Here, after Blake petitioned the trial court for a determination of the amount required to dissolve the trust, the trial court reopened the issue of fiduciary breach when it took additional evidence on the issue of other breaches besides the $1,000 per doctor per month payments. Pursuant to the doctrine of res judicata, we hold that the trial court had no authority to allow testimony concerning alleged new breaches or to relitigate other alleged breaches that had already been disposed of by a judgment. Clearly, these claims had previously been litigated to a conclusion by the trial court. They were not before this Court when we issued the opinion in AFC I. Irwin had every opportunity to raise and litigate any and all issues related to any claims he believed he had against Blake for breaches of Blake’s fiduciary duty to AFC as a director of that corporation. In fact, as outlined above, in AFC I he did raise these issues, and testimony was taken on the issues litigated. The case proceeded to a final judgment, where the trial court specifically denied any relief on any issue related to Irwin’s breach of fiduciary claims other than that relating to the $1,000 per month per doctor payments to P.C.
Therefore, we hold that the failure to appeal or cross-appeal the denial of relief on any other claims related to other alleged breaches operates as a bar to relit-igation of those issues. In cases where an appeal is taken with respect to a particular issue or issues, there cannot be a retrial of other issues previously tried and determined but not appealed from. Ex parte Army Aviation Center Federal Credit Union, 477 So.2d 379 (Ala.1985).
In view of the above, we feel that the emphasized language in the quotation from AFC I set out at the beginning of this opinion could not have been referring to any breaches of fiduciary duty other than that related to the $1,000 per month per doctor as found by the trial court in AFC I.
As noted above, Blake does not contest the trial court’s computations concerning the amount that AFC had paid on P.C.’s *8 note to SouthTrust ($115,426) or the over-payments ($230,668), at the rate of $1,000 per month per doctor, plus interest. Therefore, as concerns those findings, the judgment is due to be affirmed. However, as concerns any other findings of additional breaches of fiduciary duty, the trial court’s judgment is due to be reversed and the cause remanded with instructions to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.