MADDOX, Justice.
This petition for a writ of mandamus arose out of a continuing complex business dispute between two doctors, Dr. James D. Blake and Dr. D. Bruce Irwin.[1] The dispute centers on control of a business corporation known as American Family Care, Inc. (“AFC”), which is engaged in the delivery of health care services to the public. Previously, Dr. Blake was in control of AFC, but as a result of this lengthy litigation, Dr. Irwin gained control of it.
The petitioner Frank Lankford is not a doctor, and he is not involved in the current fight for control of AFC, but he had invested a substantial sum in AFC and had previously served on its board of directors. In the earlier stages of this long and complex litigation, Dr. Irwin, on behalf of AFC, sued Lankford, claiming substantial sums based on alleged breaches of Lankford’s *319 fiduciary duty to the corporation while he was serving as a director of AFC. That prior action was concluded with a final judgment in favor of Lankford entered by the trial judge.[2]
Thereafter, Dr. Irwin, acting on behalf of AFC, filed the action out of which this mandamus petition arises. He again charged Lankford with breaches of fiduciary duty regarding specific acts allegedly done by Lankford in his capacity as a director of AFC. Lankford’s alleged breaches of fiduciary duty for which damages were sought in this case were substantially the same as those made the subject matter of the first action, and they covered substantially the same time period as the acts complained of by Dr. Irwin in the earlier action in which Lankford prevailed.
Responding to Dr. Irwin’s complaint in this case, Lankford moved to dismiss the breach of fiduciary duty claims on the ground that they were barred by the doctrine of res judicata. On March 7, 1991, Judge Jack D. Carl granted Lankford’s motion to dismiss “as to all tort claims that arose prior to the date of the completion of the hearing in Case No. CV-86-502-180JDC on August 23, 1989.”
On June 6, 1991, Dr. Irwin amended his complaint against Lankford to include a claim that Lankford had improperly executed promissory notes to AFC totalling $22,-971. On November 20, 1991, Lankford answered the amended complaint. He admitted that he had signed the promissory notes, but he claimed this his actions were proper because the entire proceeds of the notes had been paid to his attorneys for services rendered in the successful defense of the previous breach of fiduciary duty claims against him. Lankford also asserted two counterclaims against AFC. In the first counterclaim, he sought indemnification he said was due him by AFC pursuant to the provisions of Ala.Code 1975, § 10-2A-21. He sought specific indemnification under the provisions of Ala.Code 1975, § 10-2A-21(c), for expenses he claimed to have incurred in connection with his successful defense of the breach of fiduciary duty claim asserted against him based on his acts as a director. Lankford’s second counterclaim against AFC was for a substantial sum he claimed was due him from AFC for deferred compensation Lankford claimed to have earned while previously employed by AFC. AFC answered the Lankford counterclaims and denied the allegations of both. Lankford also requested that the court try the three AFC/Lankford issues separately from the “more substantial and more complex issues” involving Dr. Blake and Dr. Irwin and the control of AFC. The trial judge agreed to try the Lankford/AFC issues separately from those involved in the main dispute. Lank-ford and AFC agreed to a nonjury trial and the three disputed issues between Lank-ford and AFC were tried by Judge Carl.
On June 25, 1992, Judge Carl entered an order (1) in favor of AFC on its claim based on the promissory notes; (2) in favor of Lankford as to his claim for indemnity; and (3) in favor of Lankford on his claim for deferred compensation. Judge Carl found that the amount the corporation owed to Lankford greatly exceeded the amount Lankford owed AFC on the promissory notes. After setting off the amount of the Lankford promissory notes, the judge entered a judgment for $65,395 in Lankford’s favor. The judge also found that there was “no just reason for delay” and, pursuant to Rule 54(b), Ala.R.Civ.P., made the June 25, 1992, order a final judgment.
In a post-trial motion to amend the final judgment, Lankford contended that the judgment understated the amount of indemnity due him from AFC for sums paid to his attorneys. Lankford sought to have the amount of his judgment against AFC increased from $65,395 to $99,010.50. AFC also filed a motion to alter, amend or vacate the June 25, 1992, final judgment, contending that it was contrary to the great weight of the evidence.
*320 On August 3, 1992, Judge Carl issued an order vacating the June 25, 1992, judgment. The order further provided:
“TWO: The issue involving Lankford will no longer be [separated] from the rest of this ease and will be tried along with all remaining issues.
“THREE: This cause is logged to be set for trial before a jury.
“FOUR: The ‘Motion to Amend Judgment’ [Lankford’s motion] is denied.”
On September 28, 1992, Lankford filed a motion for reinstatement of “any” final judgment, not a reinstatement of the judgment that was set aside. On October 15, 1992, Judge Carl issued an order denying Lankford’s motion for reinstatement of a final judgment, and he also entered an order setting the entire case for trial before a jury.
On January 8, 1993, Lankford filed a motion for bifurcation of the issues so that the Lankford/AFC issues (indemnification and deferred compensation) could be tried separately from the Dr. Irwin/Dr. Blake issues. In the motion, Lankford averred that the Lankford/AFC issues were totally unrelated to other issues in dispute and that the trial of the Lankford issues would, as was the case at the prior trial, take only one day or less to try. The motion also claimed that no prejudice to any other party would result from bifurcating the Lank-ford issues from the Blake issues.
A pretrial conference was held on January 29,1993. At that conference, Dr. Irwin asserted four breach of fiduciary duty claims against Lankford, which he alleged had arisen after Judge Carl’s cutoff date of August 23, 1989, regarding claims barred by res judicata. In each of these breach of fiduciary duty claims, Lankford was named as being jointly liable with Dr. Blake and David Rhoton. On February 1, 1993, Judge Carl denied Lankford’s motion for bifurcation. This order had the effect of leaving the Lankford issues set for trial with the issues between Dr. Blake and Dr. Irwin in the consolidated cases of D. Bruce Irwin, et al. v. James D. Blake, et al, CV-90-7671-JDC, and James D. Blake v. D. Bruce Irwin, et al., CV-91-0704-JDC. Lankford is not a party to CV-91-0704JDC.
In his petition for the writ of mandamus, Lankford contends that Judge Carl acted ex mero motu and abused his discretion in forcing Lankford to relitigate the claims between him and AFC.[3] In attempting to show an abuse of discretion, Lankford argues that this petition should be granted because (1) neither he nor AFC ever sought to set aside the separation of the Lankford issues; (2) neither he nor AFC sought a trial before a jury; and (3) neither party sought a joint trial or a retrial of the Lank-ford issues with the Dr. Irwin/Dr. Blake issues. We do not agree that the petition should be granted.
Mandamus is an extraordinary remedy requiring a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889 (Ala.1991).
Also, it is well settled that “In cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse.” Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990). (Emphasis added.) Both Lankford and AFC alleged in their post-trial motions following the nonju-ry trial of the Lankford/AFC issues that Judge Carl had failed to properly calculate Lankford’s damages. Apparently, Judge Carl agreed and chose to vacate the June 25, 1992, order and, on his own motion, ordered a new trial of those issues before a *321 jury.[4] In addition, after the nonjury trial of the disputed issues between Lankford and AFC, AFC raised new breach of fiduciary duty claims in which Lankford was alleged to be jointly liable with Dr. Blake and David Rhoton. Because both Lankford and AFC filed motions disputing the propriety of the judgment entered after the non-jury trial; because new breach of fiduciary duty claims have been filed against Lank-ford, Dr. Blake, and David Rhoton; and because of the long and complex history of this case, we hold that Judge Carl did not abuse his discretion in vacating the June 25, 1992, judgment and ordering a new trial. The petition for writ of mandamus, therefore, is due to be denied.
WRIT DENIED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.

. Issues involved in this dispute have been addressed by this Court on two prior occasions. See American Family Care, Inc. v. Irwin, 571 So.2d 1053 (Ala.1990); and James D. Blake v. American Family Care, Inc., 599 So.2d 5 (Ala.1992).

. The trial judge, Jack D. Carl, dismissed all claims against Lankford, by order dated December 29, 1989.

. Dr. Blake has filed a "Reply and Memorandum in Support of Frank Lankford’s Petition for Writ of Mandamus," which agrees with the *321 reasoning and conclusions of Lankford’s argument.

. We note that Judge Carl has handled this long and complex litigation since its inception in 1986. Judge Carl was the trial judge in CV-86-502-180, which was addressed by this Court on appeal in American Family Care, Inc. v. Irwin, 571 So.2d 1053 (Ala.1990), and Blake v. American Family Care, Inc., 599 So.2d 5 (Ala.1992). Likewise, Judge Carl is the trial judge in the actions now before the circuit court: D. Bruce Irwin, et al. v. James D. Blake, et at, CV-90-7616-JDC, and James D. Blake v. D. Bruce Irwin, et al, CV-91-0704-JDC.