This is the second appeal in this case. The first appeal, AllstateInsurance Co. v. Eskridge, 823 So.2d 1254 (Ala. 2001), was brought by Allstate Insurance Company (hereinafter "Allstate") from a judgment entered on a jury verdict awarding David W. Eskridge (hereinafter "Eskridge") compensatory damages on his claim of fraud. Eskridge's claim of breach of contract had also been submitted to the jury, but the jury returned a verdict in favor of Allstate as to that claim. Although Allstate appealed the judgment on the fraud claim, Eskridge did not cross-appeal as to the adverse judgment on the breach-of-contract claim. This Court issued an opinion in the case on September 14, 2001. That opinion (in which five Justices concurred, one of whom, Justice Johnstone, wrote specially to "add some supplemental analysis of [his] own," 823 So.2d at 1265) determined that the trial court had "erred in denying Allstate's motion for a judgment as a matter of law as to [the] fraud claim," and declared that "[a]ccordingly, the judgment of the trial court must be reversed, and the cause remanded for the entry of a judgment consistent with this opinion." 823 So.2d at 1265. On January 15, 2002, Eskridge served on Allstate's attorneys via United States mail his *Page 470 
"Motion for Leave to Amend Complaint." That motion was filed with the circuit court clerk on January 28, 2002. On that same day, Allstate filed its "Motion to Strike Plaintiff's Motion for Leave to Amend Complaint" and its "Motion for an Order of Entry of Judgment." On January 31, 2002, the trial judge, in response to this Court's opinion and mandate, entered an order stating: "Pursuant to mandate of the Supreme Court of Alabama . . . judgment is due to be and is hereby rendered in favor of defendant Allstate Insurance Company. Costs taxed to party incurring same." Eskridge has timely appealed from that judgment.
Eskridge's motion for leave to amend explained that he sought "to amend his complaint to add a claim for breach of contract for termination of the plaintiff's employment, and for intentional infliction of emotional distress," asserting that subsequent to the trial of the case, Allstate had "further breached its contract with the plaintiff by terminating his employment in violation of his written contract and without just cause." The proffered amendment to the complaint, attached as an exhibit to the motion, adopted and incorporated by reference "any and all averments contained in the original Complaint," which complaint comprised 68 separately numbered paragraphs. The amended complaint named as defendants not only Allstate, but also three of its employees, who were eliminated from the case before the original jury verdict and judgment, either by the entry of a summary judgment or by voluntary dismissal by Eskridge. The proposed amended complaint began with paragraph number 69 and asserted claims alleging breach of contract and intentional infliction of emotional distress. Paragraph 70 of the proposed amended complaint stated that "[t]he Defendants have in violation of the written contract existing between the Plaintiff and the Defendant . . . terminated the Plaintiff's contract of employment. . . ."
On appeal, Eskridge does not challenge the propriety of disallowing the proposed amendment insofar as it asserts a claim of intentional infliction of emotional distress, but contests the trial court's judgment only as it relates to the breach-of-contract claim.
Eskridge argues that "[w]hen this Court reversed the trial court's judgment as to Eskridge's claim for fraud, the effect of the reversal was to annul the judgment of the trial court in its entirety," relying principally on Christian Benevolent Burial Ass'n, Inc. v. Thornton,241 Ala. 13, 1 So.2d 8 (Ala. 1941) ("Christian II"). Before the first appeal in that case, Christian Benevolent Burial Ass'n, Inc. v. Thornton,239 Ala. 245, 194 So. 821 (1940) ("Christian I"), the complaint had consisted of three counts, but at the conclusion of the evidence at the first trial, the judge had given the "affirmative charge for the defendant" on two counts, allowing only the third count to be submitted to the jury. On appeal, this Court concluded that the affirmative charge should also have been given as to the third count, and "[f]or this error the judgment is reversed." The judgment was reversed and the case remanded generally, without any further mandate or instructions. Following remand, the plaintiff eliminated the count as to which the Supreme Court had concluded that the affirmative charge should have been granted, and went to trial on the two counts the trial judge had eliminated by granting the affirmative charge during the first trial, despite the defendant's argument interposed at the second trial that the doctrine of res judicata barred a retrial of those counts. In subsequently approving of the trial court's action in allowing that procedure, this Court stated the following: *Page 471 
 "The reversal of the judgment in this Court had the effect of annulling it in its entirety, including all rulings on the pleadings, and the case stood as though no judgment had ever been rendered. It was not res adjudicata as to any ruling embraced in it. First National Bank of Dothan v. Sanders, 227 Ala. 313, 149 So. 848 [(1933)]; Sovereign Camp, W.O.W. v. Moore, 235 Ala. 117, 177 So. 642 [(1937)]; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399 [(1933)]."
Christian II, 241 Ala. at 15, 1 So.2d at 10.
The three cases relied on by the Court in Christian II — FirstNational Bank of Dothan v. Sanders, 227 Ala. 313, 149 So. 848 (1933);Sovereign Camp, W.O.W. v. Moore, 235 Ala. 117, 177 So. 642 (1937); andCartwright v. Hughes, 226 Ala. 464, 147 So. 399 (1933) — all involved the specific procedural situation of a challenge on a second appeal to a ruling made on a demurrer before the first appeal, but which demurrer was not reasserted on the intervening trial on remand, so that no new ruling obtained as to it. In Cartwright, the Court explained that "a judgment on demurrers to pleading is a part of the final judgment rendered in the cause, and is not, as in chancery, a separate interlocutory judgment, and that, when an appeal is taken from that judgment, and it is reversed, it is `reversed throughout and [to be] tried anew.' Alabama G.S.R.R. Co. v. McAlpine, 80 Ala. 73 [(1885)]."226 Ala. at 466, 147 So. at 400. The statement from Alabama Great SouthernR.R. v. McAlpine Co., 80 Ala. 73 (1885), in turn, represented the application of a concept of "entirety of judgment," whereby any reversal was of necessity a reversal of all aspects of the case.
In McAlpine, the owner of a mare and a mule sued the railroad, alleging that by two separate acts of negligence on the part of the railroad, the mare and the mule had been killed at different times. The plaintiff recovered damages for the loss of the mare, but failed to recover for the loss of the mule. Both he and the railroad appealed. The Supreme Court prefaced its analysis by stating this proposition: "Both issues being presented in one suit, and there being but one judgment and verdict, that judgment can not be both affirmed and reversed. If reversed on either appeal, it will be reversed throughout, and tried anew; for two judgments can not be rendered in this one suit." 80 Ala. at 75. Of course, under our modern procedure two judgments can be rendered in one action, and, upon appellate review of an appeal and a cross-appeal brought by the opposing parties, one judgment can be affirmed and the other reversed. However, applying the rules of common-law pleading and the concepts of appellate procedure then applicable, the court in Cartwright concluded that because "the judgment overruling demurrer to the complaint" was a part of the "judgment [that] was reversed on the former appeal," being "embraced in" it, the reversal of that judgment on the former appeal was a reversal "throughout," thereby eliminating in the process the judgment overruling the demurrer. 226 Ala. at 465-66, 147 So. at 400. Likewise, inSanders, a ruling on demurrers interposed to a count before a first appeal that resulted in a reversal of a judgment for the plaintiff could not form the basis of an assignment of error on a second appeal, because no new ruling had been obtained with respect to the demurrers and "[t]he effect of the reversal of the former judgment by this court was to annul it in its entirety, and set aside all rulings of the court on the pleadings embodied therein." 227 Ala. at 315, 149 So. at 849. In SovereignCamp, W.O.W., the trial court, before a first appeal, had sustained the plaintiff's demurrer to two of *Page 472 
the defendants' amended pleas. "After the reversal and remandment of the cause, no new ruling was made as to the sufficiency of these pleas. . . ."235 Ala. at 119, 177 So. at 643. Because the effect of the reversal of the former judgment had been to "set aside all rulings of the court on the pleadings embodied therein," 235 Ala. at 119, 177 So. at 643, the defendant could not assert as error on a second appeal the sustaining of the demurrer to its pleas. The reversals ordered on initial appeal inSanders and Sovereign Camp, W.O.W. were simply general reversals and remands, without any accompanying instructions to the trial court. InCartwright, the initial reversal was accompanied with the explanation that "the case must be retried."
In contrast to the post-reversal procedural approach countenanced by the Court in Christian II is the approach taken by this Court in the procedural environment existing after the adoption in 1973 of the Alabama Rules of Civil Procedure and the adoption in 1975 of the Alabama Rules of Appellate Procedure, in the case of Ex parte Army Aviation Center FederalCredit Union, 477 So.2d 379 (Ala. 1985) ("Army Aviation II"). In the litigation underlying that appellate decision, the plaintiffs (referred to together in the opinion as "Poston") sued the Army Aviation Center Federal Credit Union (referred to the in opinion as "the credit union") asserting claims of misrepresentation and/or deceit; outrageous conduct; bad-faith breach of contract; breach of contract; and breach of an oral agreement and tortious interference with a contractual relationship. At trial, at the close of Poston's case, the court granted the credit union's motion for a directed verdict as to the claims of outrageous conduct, bad faith, breach of an oral contract, and interference with contract relations. The case went to the jury on the claims of breach of contract and misrepresentation and/or deceit. The jury returned a general verdict in favor of Poston for $65,000. On the first appeal, this Court held in Army Aviation Center Federal Credit Union v. Poston, 460 So.2d 139
(Ala. 1984) ("Army Aviation I"), that there was insufficient evidence of misrepresentation and that, consequently, the trial court erred in failing to grant the credit union's motion for a directed verdict on the claim for misrepresentation and/or deceit. On remand, the trial judge denied the credit union's motion seeking to limit the issue on retrial to the breach-of-contract claim only. Pertinent to the present appeal by Eskridge, this Court observed and held on the second appeal:
 "[The credit union] argues that the trial court should not permit litigation of the claims for outrageous conduct, bad faith breach of contract, breach of an oral agreement, or interference with contractual relations because those claims are barred by res judicata. At trial, a verdict was directed in favor of the Credit Union with regard to those issues. When the Credit Union appealed, Poston did not cross-appeal as to the efficacy of that directed verdict. We hold that the failure to do so operates as a bar to relitigation of those issues. In cases where an appeal is taken with respect to only a particular issue or issues, there can be no retrial after remand of issues previously tried and determined but not appealed from. Sewell Dairy Supply Co. v. Taylor, 113 Ga. App. 729, 149 S.E.2d 540 (1966); 5B C.J.S. Appeal and Error
§ 1989 (1958). The instant case falls under that principle."
477 So.2d at 380-81.
In Insurance Co. of North America v. Citizensbank of Thomasville,491 So.2d 880 (Ala. 1986), a jury had returned sizable awards against Insurance Company of *Page 473 
North America ("INA") on a contract claim and a bad-faith claim. INA paid the judgment against it on the breach-of-contract claim but appealed from the judgment on the bad-faith claim. On appeal, this Court held that "the trial judge erred in submitting the bad faith count to the jury, and the defendant's motion for a directed verdict on this count should have been granted." 491 So.2d at 885. The holding was summarized in these terms:
 "For the foregoing reasons, we conclude that the trial judge erred in submitting the bad faith count to the jury, and the defendant's motion for a directed verdict on this count should have been granted. We, therefore, reverse and remand."
491 So.2d at 885.
Following remand, the trial court allowed the plaintiff to amend its complaint to reconfigure the contract claims and to proceed further on a bad-faith cause of action. On the resulting second appeal, this Court concluded in Ex parte Insurance Co. of North America, 523 So.2d 1064
(Ala. 1988), with respect to the issue whether the decision on the first appeal had "constituted a final adjudication in regard to the issue of INA's liability for bad faith refusal to pay Citizensbank's insurance claim," 523 So.2d at 1067, that "our precedent supports the conclusion that a decision by this court to reverse and remand on the ground that the trial court should have directed a verdict represents a final adjudication and precludes a reopening of the pleadings." Id.
In Karagan v. Bryant, 537 So.2d 10 (Ala. 1988), this Court, discussingBahakel v. City of Birmingham, 457 So.2d 348 (Ala. 1984), and Hammond v.Realty Leasing, Inc., 351 So.2d 893 (Ala. 1977), declared:
 "In these cases, we held that although Rule 15, [Ala.]R.Civ.P., must be liberally construed and amendments freely allowed, Rule 15 does not allow a party to amend his or her original complaint after an unsuccessful appeal, unless the mandate of the appellate court expressly permits such amendment, the rationale being that '"[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."' Hammond [v. Realty Leasing, Inc.], 351 So.2d [893] at 895 [(Ala. 1977)], quoting 6 Wright Miller, Federal Practice Procedure § 1489 at 445."
In Alfa Mutual Insurance Co. v. Smith, 540 So.2d 691 (Ala. 1988), a case brought by Carl Smith against Alfa Mutual Insurance Company ("Alfa") went to the jury only on a claim of breach of contract, and the jury awarded Smith $10,000 as damages. On appeal by Alfa, the Court of Civil Appeals reversed and remanded, based upon the trial court's erroneous jury instruction that damages for mental anguish could be awarded in an action for breach of an insurance contract. Alabama Farm Bureau Mut. Cas. Ins.Co. v. Smith, 406 So.2d 913 (Ala.Civ.App. 1981). On remand, Smith filed an amended complaint, adding a "bad-faith" claim to his claim alleging breach of contract. The tort of bad faith had not been recognized when Smith filed his original complaint, and was judicially established only after the first trial of his case. On retrial, both the bad-faith and the breach-of-contract counts were submitted to the jury, resulting in a verdict in Smith's favor for $75,000. On appeal after the retrial, this Court addressed, as a "threshold" question, the issue "whether Smith's amendment adding the bad faith claim after the original judgment was reversed and the case remanded by the Court of Civil Appeals was proper." *Page 474 
540 So.2d at 693. The Court concluded that "[t]he Court of Civil Appeals' reversal and remand in the previous appeal of the present case was not a final judgment because of the ground upon which it was reversed, that is, the trial court's erroneous instruction [relating to damages]." 540 So.2d at 693. Because of that procedural posture, "Smith was entitled to a new trial on his breach of contract claim on remand." 540 So.2d at 693. Taking into further consideration the fact that "the tort of bad faith had not been recognized when Smith filed his original complaint," the Court determined that Smith's bad faith claim was a "new issue" which had "`not yet [been] finally adjudicated.'" 540 So.2d at 693. Accordingly, the Court held that the amendment adding the bad-faith claim was proper.
Blake v. American Family Care, Inc., 599 So.2d 5 (Ala. 1992) ("AFCII"), represented a second appeal of a dispute previously addressed by the Court in American Family Care, Inc. v. Irwin, 571 So.2d 1053 (Ala. 1990) ("AFC I"). The Court in AFC I affirmed the imposition of a constructive trust on certain shares in AFC, but modified the trial court's order to permit the constructive trust to be dissolved upon the repayment of certain sums, including the amount AFC had had to pay "as the result of Blake's breach of fiduciary duties owed to AFC. . . ." 571 So.2d at 1061. Blake thereafter petitioned the trial court for determination of the amount required to be paid to dissolve the trust and, subsequently in AFC II, did not contest the amount determined by the trial court to be due. However, the trial court went further and decided that additional actions by Blake, other than those specifically at issue in AFC I, constituted additional breaches of fiduciary duty. In the judgment reviewed by the Court in AFC I, the trial court had made only one finding concerning any alleged breach of fiduciary duty and had summarily denied all other claims. That denial was not contested by the appellee in AFC I. In AFC II, this Court concluded that the order at issue in AFC I represented a final judgment, and the trial court had specifically denied any relief on any issue related to breach-of-fiduciary-duty claims other than the single one addressed by the trial court. Based on that fact, the Court held that
 "the failure to appeal or cross-appeal the denial of relief on any other claims related to other alleged breaches operates as a bar to relitigation of those claims. In cases where an appeal is taken with respect to a particular issue or issues, there cannot be a retrial of other issues previously tried and determined but not appealed from. Ex parte Army Aviation Federal Credit Union, 477 So.2d 379 (Ala. 1985)."
599 So.2d at 7.
Relying principally on Alfa Mutual Insurance Co. v. Smith, supra, Eskridge argues alternatively that the breach-of-contract claim he seeks to assert by amendment is based on new facts — specific acts taken by Allstate after the trial of this case — that stem from the pattern of conduct alleged in the original complaint. He explains that he is not seeking new grounds of recovery; instead he is alleging breach of contract, a ground of recovery asserted in the original complaint. In this regard, he argues that Allstate's new, wrongful acts constitute a continuation, an exacerbation, and a culmination of the wrongdoing alleged in the original complaint. Eskridge attempts to explain and bolster this argument by stating in his brief to this Court that "nearly one year after the trial, Allstate terminated Eskridge as per the termination letter dated April 3, 2000," attaching as an exhibit to his brief a letter of that date. Unfortunately, neither that *Page 475 
letter nor any specific facts concerning any posttrial termination are a part of the record before us. Rather, we have in the record only the statement in Eskridge's "Motion for Leave to Amend Complaint" that "since the trial of the case . . . Allstate has further breached its contract with the plaintiff by terminating his employment," and the averment in the proposed amended complaint that "the defendants" had "terminated the plaintiff's contract of employment." Because the proposed amended complaint "adopts and incorporates by reference, as if fully set forth herein, any and all averments contained in the original Complaint," the averment of the original complaint, stated in paragraph 44 thereof, that "[o]n several occasions Eskridge . . . has been told he was terminated from his employment with Allstate," carries forward, and the trial court would be entitled to view Eskridge's argument about a "new" event in light of that previous, and now expressly reiterated, averment. Accordingly, we have no occasion to address on this appeal whether there might be circumstances whereby a plaintiff, following a reversal on the merits on appeal and a remand of the case with directions, might be entitled to assert some sort of new claim predicated on postjudgment events. We confine ourselves to the particular circumstances presented by this appeal, and conclude that, under the teachings of Army Aviation II,Ex parte Insurance Co. of North America, Karagan, and Blake, supra, and in light of our mandate attending the original opinion in this case, that "the judgment of the trial court must be reversed, and the cause remanded for the entry of a judgment consistent with this opinion," 823 So.2d at 1265, the trial judge did not err in interpreting that mandate so as to enter a judgment on remand in favor of Allstate. As has been stated, "the trial court's duty is to comply with the mandate `according to its true intent and meaning,' as determined by the directions given by the reviewing court." Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989).
To the extent that Christian II is inconsistent with this opinion, it is hereby overruled.
The judgment of the trial court is affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, WOODALL, and STUART, JJ., concur.