Two minor children of Marlin E. Hammond, while playing in a vacant lot without the invitation of the defendant property owner, drowned in a pond. The plaintiff's original complaint, alleging simple negligence, was dismissed with leave to amend within ten days by the Houston Circuit Court. Instead of pursuing his option to amend, the plaintiff perfected appeal to this court. On February 25, 1977, this court affirmed the dismissal. Hammond v. Realty Leasing, Inc., 342 So.2d 915 (Ala. 1977).
On March 10 the plaintiff filed a petition to amend the original complaint, asserting defendant's wanton misconduct and negligent creation or maintenance of a dangerous instrumentality as amended grounds of recovery.[1] The petition to amend was granted on May 30. However, upon reconsideration ex mero motu, the petition to amend was denied on June 6.
Plaintiff seeks review of the trial court's action both by appeal and mandamus. These cases were consolidated for the purpose of review.
The issues here for review are:
(1) Whether appeal or mandamus is the appropriate method of review.
(2) Whether an amendment of the complaint asserting additional grounds of recovery should be allowed where this court has previously affirmed the dismissal of the complaint.
Mandamus is the appropriate method of review where the amendment will not result in undue delay or unduly prejudice the defendants. Huskey v. W.B. Goodwyn Co., Inc., 295 Ala. 1,321 So.2d 645 (1975). *Page 895 
As Justice Jones said in Huskey, the plaintiff does ". . . not have a long history of delays in this trial . . . [and] the amended complaint still arises from the same general fact situation involved in the original complaint." 295 Ala. at 5,321 So.2d at 647. Therefore, we will review this case on mandamus rather than on appeal.
Amendments under Rule 15, Alabama Rules of Civil Procedure, are to be freely allowed, and this court has repeatedly said that Rule 15 must be liberally construed. E.g., Alabama FarmBureau Mut. Casualty Ins. Co. v. Guthrie, 338 So.2d 1276
(Ala.Sup.Ct. 1976); Stead v. Blue Cross-Blue Shield of Alabama,294 Ala. 3, 310 So.2d 469 (1975).
However, Rule 15 does not allow a party to amend his or her original complaint after an unsuccessful appeal.
 "Where, although given an opportunity to amend, the pleader has stood upon his pleading and appealed from a judgment of dismissal, he will not normally be able to amend either in the appellate court, or in the trial court if the order of dismissal is affirmed, unless the mandate of the appellate court expressly permits such amendment." 3 Moore's Federal Practice, 2d Ed., ¶ 15.11.
"To hold otherwise would enable the liberal amendment policy of Rule 15 (a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." 6 Wright Miller, Federal Practiceand Procedure, § 1489, p. 445. The decision in Hammond did not provide for any further amendment of the complaint.
Petition for writ of mandamus is denied.
WRIT DENIED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.
[1] The action was reinstituted in the Circuit Court on March 16, since on that date the clerk of the Circuit Court received the Supreme Court's Certificate of Affirmance.