BEATTY, Justice.
This appeal arises out of a land redemption action. In June 1982, the State of Alabama purchased a house and lot at a tax sale after the owner, Vincent J. Greger, had failed to pay the taxes on the property. In 1985, the State conveyed the property to the appellant, Phillip P. Karagan. Thereafter, in April 1986, Thomas E. Bryant, Jr., acting as the guardian of Vincent Greger, filed a complaint in the Mobile Circuit Court, seeking to redeem the property pursuant to Ala.Code 1975, § 40-10-83. A non-jury trial was held, and the court entered a judgment in favor of Bryant, allowing him to redeem the property. Karagan then appealed to this Court. On October 2, 1987, we affirmed. Karagan v. Bryant, 516 So.2d 599 (Ala.1987). Four days later, *11 however, on October 6,1987, Karagan filed a motion with the trial court to amend his pleading by adding a counterclaim for the value of his improvements made to the property. The motion was dismissed by the trial court, and Karagan now seeks review of the court’s order disallowing his amendment.
The issue of permitting a party to amend his complaint after an unsuccessful appeal was addressed by this Court in Bahakel v. City of Birmingham, 457 So.2d 348 (Ala.1984), and Hammond v. Realty Leasing, Inc., 351 So.2d 893 (Ala.1977). In these cases, we held that although Rule 15, A.R.Civ.P., must be liberally construed and amendments freely allowed, Rule 15 does not allow a party to amend his or her original complaint after an unsuccessful appeal, unless the mandate of the appellate court expressly permits such amendment, the rationale being that “ ‘[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.’ ” Hammond, 351 So.2d at 895, quoting 6 Wright & Miller, Federal Practice & Procedure § 1489 at 445. Although the facts in this case differ slightly, in that the defendant attempted to amend his answer after the unsuccessful appeal, the rationale for disallowing amendments in Bahakel and Hammond applies with equal force to this situation. Consequently, since our prior decision in this case failed to provide for any further amendment, the circuit court’s dismissal of Karagan’s motion to amend must be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.