MURDOCK, Judge.
This is the second time that this boundary-line dispute has been before this court. In our prior opinion, M.C. Dixon Family Partnership, LLLP v. Envision Properties, LLC, 911 So.2d 711 (Ala.Civ. App.2005) (“Dixon I”), we affirmed the trial court’s judgment in part, reversed the trial court’s judgment in part, and remanded the cause for the trial court to establish the correct boundary line for one of the parcels of land in dispute. M.C. Dixon Family Partnership, LLLP, a Georgia limited liability limited partnership (“Dixon”), petitions this court for a writ of mandamus directing the trial court to vacate its order granting the motion of Envision Properties, LLC (“Envision”), to add new counterclaims on remand and to vacate its order granting Envision’s motion for the appointment of a surveyor pursuant to Ala.Code 1975, § 35-3-22. We grant the petition and issue the writ.
Dixon and Envision own adjacent large tracts of farm and timber land. At issue in Dixon I were two triangular parcels of land of approximately four acres each, situated at the eastern boundary of Dixon’s property.
Shortly before the trial in April 2003, Dixon cut and removed the timber on much of the land at issue. Envision did not file a counterclaim for damages resulting from the timber cutting, but it did assert at the trial that the timber cutting constituted spoliation of the evidence necessary to establish the boundaries of the parties’ properties. The trial court determined that the timber cutting constituted spoliation of the evidence and an admission against Dixon’s interest.
One of the two parcels at issue in Dixon I, parcel J, was claimed by Dixon only by adverse possession. The trial court determined that parcel J was owned by Envision, and this court affirmed the trial court’s judgment in that regard. Dixon I, 911 So.2d at 715.
The other parcel at issue, parcel H, was claimed by both parties on the basis of record title. Dixon claimed ownership under a 1936 deed to its predecessor in title, and Envision claimed ownership under a 1999 deed. The trial court’s judgment in Dixon I established the boundary line as to Parcel H as being the boundary line shown on a survey (“the Jeffcoat survey”) prepared for Envision in 2002. In Dixon I, this court concluded that the trial court had erred in establishing the boundary of parcel H because the boundary established by the trial court overlapped Dixon’s property. This court reversed the judgment as to parcel H and remanded the cause for the trial court to establish the correct boundary between the properties of the *449 parties after giving effect to the 1936 deed to Dixon’s predecessor in title.
On remand, Envision moved for leave of the trial court to amend its pleadings to assert a counterclaim for damages arising out of Dixon’s cutting of timber on Envision’s land. Pursuant to Rule 13(e), Ala. R. Civ. P., the trial court granted Envision’s motion for leave to amend its pleadings, finding that Envision’s counterclaim arising out of the timber cutting did not arise until shortly before the trial and that it did not mature until after the trial court had entered its judgment on June 27, 2003, and this court had issued its opinion on April 29, 2005.
The trial court also entered an order on remand holding that a surveyor must be appointed to determine the boundary to parcel H and appointing Guthrie Jeffcoat to perform the necessary survey. The trial court also ordered Dixon to pay the cost of the new survey.
Dixon filed this petition for a writ of mandamus with the Alabama Supreme Court. The Supreme Court concluded that the petition was within the appellate jurisdiction of this court and transferred the case to this court.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).
As noted, Dixon seeks a writ of mandamus directing the trial court to vacate its order granting Envision’s motion for leave to add a counterclaim to recover damages for the cutting of timber on parcel J. Dixon contends that the trial court erred in permitting Envision, on remand, to add a new counterclaim with respect to parcel J, because, it argues, the claims relating to parcel J were finally adjudicated in Dixon I.
It is well settled that a petition for a writ of mandamus is a proper vehicle by which to seek review of the question whether a trial court, on remand, has complied with the mandate of the appellate court. Ex parte Ufford, 642 So.2d 973 (Ala.1994); and Ex parte Insurance Co. of North America, 523 So.2d 1064 (Ala.1988). It is also well settled that a party may not, on remand, amend its pleadings with respect to matters that have been finally adjudicated on appeal. Ex parte Insurance Co. of North America, 523 So.2d at 1068 (the trial court, on remand, must comply with the mandate of the appellate court and is not free to reconsider issues finally decided in the appellate mandate). See also Eskridge v. Allstate Ins. Co., 855 So.2d 469, 473 (Ala.2003) (emphasizing that “ ‘ “ ‘the liberal amendment policy of Rule 15(a)[, Ala. R. Civ. P.,] [is not] to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation’ ” ’ ”); Karagan v. Bryant, 537 So.2d 10 (Ala.1988) (holding that a defendant in a suit to redeem property from a tax sale was barred from asserting on remand a counterclaim for the value of improvements made to the property); Ex parte Army Aviation Ctr. Fed. Credit Union, 477 So.2d 379 (Ala.1985); Bahakel v. City of Birmingham, 457 So.2d 348 (Ala.1984); *450 Costellos v. Jebeles, 406 So.2d 893 (Ala.1981) (party not allowed on remand to file an amended counterclaim setting out new claims); and Hammond v. Realty Leasing, Inc., 351 So.2d 893 (Ala.1977).
The philosophy favoring finality of judgments dictates that Envision should not be allowed to amend its pleadings on remand to assert a counterclaim with respect to parcel J. Our decision in Dixon I constituted a final adjudication of all claims raised before the trial court as to parcel J. We therefore grant the petition and issue the writ directing the trial court to vacate its order granting Envision’s motion for leave to amend its pleadings in this case to add a new counterclaim as to parcel J.
In its petition for a writ of mandamus, Dixon also seeks to direct the trial court to vacate its order granting Envision’s motion to designate Guthrie Jeffcoat as the court-appointed surveyor pursuant to Ala.Code 1975, § 35-3-22.
Section 35-3-20(a), Ala.Code 1975, provides that, if it is necessary to establish a disputed boundary line between coterminous landowners, a circuit court may “direct a competent surveyor or surveyors to make a survey for the purpose of fixing or establishing the disputed land line or boundaries .... ” Section 35-3-22 provides:
“If [a survey pursuant to § 35-3-20] ... is advisable, the court may enter an order providing for such survey and appointing a competent and disinterested surveyor or surveyors to make the same and fixing the manner in which the cost of such survey is to be paid, and the court may include in such order such additional conditions, terms and provisions as are proper and equitable.”
Dixon argues that Jeffcoat was not “disinterested,” as required by § 35-3-22, because Jeffcoat had previously been hired by Envision as its surveyor and had testified on behalf of Envision as its expert witness. Dixon also argues that the trial court abused its discretion by ordering Dixon to pay all of the cost of the new survey.
We grant Dixon’s petition for a writ of mandamus directing the trial court to vacate its order designating Jeffcoat as a court-appointed surveyor pursuant to Ala.Code § 35-3-22. The trial court has considerable discretion with respect to the appointment of a surveyor under § 35-3-22. See Turner v. City of Citronelle, 541 So.2d 2, 3-4 (Ala.1989). That discretion, however, is constrained by the statutory requirement that the surveyor be “disinterested.” Jeffcoat had been retained and compensated by Envision to prepare a survey, and he testified on behalf of Envision as its expert witness in the initial trial. We cannot conclude that such a surveyor is “disinterested” within the contemplation of the legislature in its enactment of § 35-3-22. Thus, we conclude that the trial court abused its discretion in designating Jeffcoat as the court-appointed surveyor pursuant to § 35-3-22.
PETITION GRANTED; WRIT ISSUED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
PITTMAN, J., concurs in the rationale in part and concurs in the result, with writing.