THOMPSON, Presiding Judge.
Anita D. Davis and Catherine Nall (“the plaintiffs”) appeal from a summary judgment entered in favor of Bayview Loan Servicing, LLC (“Bayview”), Interbay Funding, LLC (“Interbay”), and M & T Bank (“M & T”).
Athough the grounds the plaintiffs assert in support of their appeal of the summary judgment are procedural, a brief explanation of the facts is helpful to an understanding of the issues on appeal. The plaintiffs borrowed money from In-terbay and signed a promissory note and a mortgage in favor of Interbay in October 2004. The property secured by the mortgage is not residential property. In 2005, Interbay assigned the note and the mortgage to Bayview. M & T serviced the loan after it was assigned to Bayview. Bayview and M & T are hereinafter referred to collectively as “the Bayview parties.”
In the spring of 2009, the plaintiffs received an offer to purchase the property that was secured by the mortgage. Apparently, the plaintiffs had difficulties obtaining the payoff amount of the balance of the note, and, in June 2009, they filed a civil action against the Bayview parties and Interbay, alleging various tort claims such as negligence, wantonness, slander of title, and the tort of outrage. They also sought injunctive relief. The plaintiffs stopped making payments on the mortgage in August 2009.
The relevant procedural history includes the following. On May 16, 2011, Interbay and the Bayview parties filed a motion for a summary judgment as to all the plaintiffs’ claims against them. The next day, May 17, 2011, the Bayview parties filed a motion seeking an order requiring the plaintiffs to pay into court the monthly mortgage payments on the property as those payments came due. A hearing on the pending motions was scheduled for August 4, 2011.
On August 2, 2011, the plaintiffs filed their opposition to the motions. In their opposition, they appeared to argue that the Bayview parties should have filed a compulsory counterclaim and presented evidence indicating that they were in possession of the note if they expected to recover the unpaid mortgage payments. The plaintiffs also stated: “Despite the foregoing, the Plaintiffs agree to the entry of a final judgment of dismissal.” The same day, Interbay and the Bayview parties filed a motion asking that, in light of the plaintiffs’ statement that they “expressly ‘agree[d] to the entry of a final judgment of dismissal,’ ” the trial court enter a final summary judgment in their favor, dismiss the action with prejudice, and cancel the August 4, 2011, hearing “on all pending motions” as moot.
The August 4, 2011, hearing was conducted as scheduled on the Bayview parties’ motion seeking to require the plaintiffs to pay funds into the court. After the hearing, the trial court entered an order asking the parties to brief the issue. On August 5, 2011, the plaintiffs filed a motion asking the trial court to dismiss the action with prejudice. On September 2, 2011, after the briefs on the issue of the propriety of paying funds into the court had been submitted, the Bayview parties filed a motion for leave to assert a counterclaim. A copy of the counterclaim was attached to the motion as “Exhibit 1.” In the motion, the Bayview parties asserted that, at the time the plaintiffs had filed the action against them, the plaintiffs were not in arrears on their mortgage payments; *664 therefore, the Bayview parties asserted, they had no basis at that time for asserting a counterclaim against the plaintiffs. However, since filing the complaint, the Bayview parties said, the plaintiffs’ account had become delinquent. The Bay-view parties asserted that, at the August 4, 2011, hearing, the plaintiffs had advanced the position that, in the absence of a counterclaim by the Bayview parties, the plaintiffs could avoid their debt and retain the property, unencumbered by a mortgage. The Bayview parties contended that such a result would be inequitable. They indicated that they intended to commence foreclosure proceedings regarding the property secured by the mortgage. Therefore, the Bayview parties said, they desired to assert a counterclaim seeking a judgment declaring that they were entitled to pursue the remedies for default set forth in the note and the mortgage, including foreclosure.
On October 28, 2011, the trial court granted the Bayview parties’ request for leave to assert a counterclaim and ordered that the plaintiffs respond to the counterclaim no later than November 21, 2011. On November 22, 2011, the Bayview parties filed a supplement to their pending motion for a summary judgment, asserting that they were entitled to a summary judgment in their favor on their counterclaim.
On February 16, 2012, the plaintiffs filed an objection to the Bayview parties’ supplemental motion for a summary judgment, pointing out, among other things, that no counterclaim had ever been filed. On February 17, 2012, the trial court entered a summary judgment in favor of Bayview, Interbay, and M & T. The plaintiffs filed a postjudgment motion, in which they again pointed out that no counterclaim had been filed. On March 22, 2012, without seeking leave of the trial court, the Bayview parties filed their counterclaim, with exhibits attached, and paid the appropriate filing fee. On June 4, 2012, the trial court denied the plaintiffs’ postjudgment motion. The plaintiffs’ appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
This court’s clerk’s office reinvested the trial court with jurisdiction until December 17, 2012, to consider and enter, if it chose, a final judgment addressing all claims and forms of relief requested. On December 12, 2012, the trial court explicitly granted the Bayview parties’ supplemental motion for a summary judgment on their counterclaim for a declaratory judgment, stating that it had intended for the February 17, 2012, summary judgment to encompass the Bayview parties’ counterclaim. The trial court stated that the plaintiffs had breached the terms of the note and the mortgage and that the Bayview parties were entitled to pursue foreclosure of the property and any other remedies available under the terms of the note and the mortgage. In response, the plaintiffs filed a post-judgment motion challenging the trial court’s granting declaratory relief. The postjudgment motion was denied, and the appeal proceeded.
On appeal, the plaintiffs contend that the declaratory judgment entered in favor of the Bayview parties on their counterclaim is void because, they say, the trial court lacked subject-matter jurisdiction over that claim. Specifically, the plaintiffs argue that, pursuant to Rule 41(a)(l)(ii), Ala. R. Civ. P., this action was automatically dismissed in August 2011, before the Bayview parties sought leave to file the counterclaim.
Rule 41(a)(1)(H), Ala. R. Civ. P., provides that, subject to certain rules and statutes not applicable in this case, “an action may be dismissed by the plaintiff without order of court ... (ii) by filing a stipulation of *665 dismissal signed by all parties who have appeared in the action.”
“ ‘The purpose of Rule 41(a) is to facilitate voluntary dismissals but to limit them to an early stage of the proceedings before issue is joined.’ Rule 41 (Committee Comments on 1978 Adoption) (emphasis added). If the conditions of Rule 41(a)(1) are satisfied, dismissal is automatic, that is, ‘[n]o order of the court is required- [and] the notice [of dismissal] terminates the action. ...’ 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2363, at 439-41 (3d ed.2008) (footnotes omitted) (commenting on Fed.R.Civ.P. 41(a)(1)); see also Greene v. Town of Cedar Bluff, 965 So.2d 773, 777-79 (Ala.2007). Dismissal under Rule 41(a)(1) is a question of law and, therefore, is reviewable de novo. See Matthews v. Gaither, 902 F.2d 877, 879 (11th Cir.1990) (reviewing Rule 41, Fed.R.Civ.P.).
“On the other hand, if the conditions of Rule 41(a)(1) are not met, ‘ “voluntary dismissal can only be upon court order [under Rule 41(a)(2) ] and the court is given broad powers to prevent harassment of or inconvenience to the defendant by an arbitrary dismissal at this advanced stage of the case.” ’ Milliken v. South Realty Co., 628 So.2d 928, 930 (Ala.Civ.App.1993) (quoting Committee Comments on 1973 Adoption of Rule 41). See Rule 41(a)(2) (‘Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper.’).”
Riverstone Dev. Co. v. Nelson, 91 So.3d 678, 681 (Ala.2012).
The plaintiffs assert on appeal that “all parties clearly and unequivocally consented to dismissal of all pending claims with prejudice.” The plaintiffs appear to contend that their agreeing to the entry of a “final judgment of dismissal” in their opposition to the Bayview parties’ motion seeking that mortgage payments be paid into court, combined with Interbay’s and the Bayview parties’ request in their motion for a summary judgment that the action be dismissed, constituted a joint stipulation of dismissal between the parties. The plaintiffs’ contention is not supported by the record on appeal, however.
In the motions they filed with the trial court, the plaintiffs never suggested that the parties had agreed to a stipulation of dismissal. A stipulation of dismissal of the case does not appear in the record. In their August 2, 2011, motion for the entry of a summary judgment, Interbay and the Bayview parties did not agree to merely dismiss the case; instead, they requested a summary judgment in their favor and the dismissal of the action in light of the plaintiffs’ agreement to “the entry of a final judgment of dismissal.” Clearly, a request for a summary judgment in their favor cannot be construed as an agreement to dismiss the action, as the plaintiffs have advanced. Moreover, the trial court held further proceedings, including a hearing on the Bayview parties’ motion to have the plaintiffs pay money into court, indicating that it did not consider the parties’ statements to be a stipulation of dismissal.
We agree with the Bayview parties that a stipulation of dismissal was not filed in this case. Therefore, there was no automatic dismissal of the action in August 2011, and the trial court did not lose jurisdiction over the action at that time.
The plaintiffs also contend, however, that the Bayview parties’ counterclaim was not properly filed until 34 days after the initial summary judgment in favor of the Bayview parties was entered on February 17, 2012. Therefore, they argue, *666 there was no' counterclaim pending before the court when it purported to enter a judgment in favor of the Bayview parties.
The Bayview parties assert that when the trial court entered the order on October 28, 2011, granting them leave to file the counterclaim and ordering the plaintiffs to respond by a certain date, “the trial court implicitly deemed the counterclaim to have been filed on October 28, 2011.” The Bayview parties do not cite any authority for their contention, and this court has been unable to find any authority allowing an “implicit” filing of a counterclaim.
Rule 5(e), Ala. R. Civ. P., provides, in pertinent part:
“The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event, the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.”
Furthermore, we can find no authority for the proposition that attaching a counterclaim as an exhibit to a motion for leave to file a counterclaim constitutes a “filing” of that counterclaim. Our research has not produced any authority by which we can conclude that the Bayview parties had filed a counterclaim in this action at the time the trial court entered the judgment of February 17, 2012. Therefore, we conclude that the trial court did not have jurisdiction over the purported counterclaim when it entered that judgment.
As mentioned, when the plaintiffs appealed from the February 17, 2012, summary judgment, this court’s clerk’s office reinvested the trial court with jurisdiction to enter a “final judgment” addressing all claims and forms of relief requested. In response, on December 10, 2012, the trial court entered what was purported to be a “final judgment,” stating that it had intended for the February 17, 2012, summary judgment to encompass the Bayview parties’ counterclaim. However, we have already concluded that there was no counterclaim before the court at the time the February 2012 summary judgment was entered.
On appeal, the Bayview parties argue that because they had filed their purported counterclaim and paid the filing fee before the entry of the December 10, 2012, “final judgment,” they had cured any deficiency that may have existed at the time the February 2012 judgment was entered. In support of their contention, the Bayview parties cite Espinoza v. Rudolph, 46 So.3d 403 (Ala.2010).
Espinoza is distinguishable from the instant case. In Espinoza, before the entry of the judgment, a counterclaim was filed with the court’s clerk; however, the filing fee had not been paid. Our supreme court held that the trial court could properly “reinstate” the counterclaim upon payment of the docketing fee.[1] Id. at 414. In this case, however, the counterclaim itself was not filed until after the judgment was entered in the plaintiffs’ action. The failure to file a counterclaim is not comparable to the failure to pay a docketing fee upon the filing of a counterclaim.
This court has previously held that a party cannot file a counterclaim or amend a complaint on remand. In Ex parte M.C. Dixon Family Partnership, LLLP, 993 So.2d 447, 450 (Ala.Civ.App.2006), this *667 court issued a writ of mandamus instructing the trial court to vacate its order granting leave for Envision to amend its pleadings in the case to add a new counterclaim, reasoning that “[t]he philosophy favoring finality of judgments dictates that Envision should not be allowed to amend its pleadings on remand to assert a counterclaim.” See also Eskridge v. Allstate Ins. Co., 855 So.2d 469, 473 (Ala.2003) (quoting Karagan v. Bryant, 537 So.2d 10, 11 (Ala.1988), quoting in turn other authorities) (emphasizing that “““the liberal amendment policy of Rule 15(a)[, Ala. R. Civ. P.,] [is not] to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation’ ” ’ ”); Karagan v. Bryant, supra (holding that a defendant in an action to redeem property from a tax sale was barred from asserting on remand a counterclaim for the value of improvements made to the property); and Costellos v. Jebeles, 406 So.2d 393 (Ala.1981) (party not allowed on remand to file an amended counterclaim setting out new claims).
Although the Bayview parties filed their purported counterclaim before the trial court was reinvested with jurisdiction for the entry of a “final judgment,” the rationale of the authorities cited above applies in this case. Once a judgment has been entered in a case, a party cannot be permitted to file a counterclaim in the same matter. To do so would deprive the party opposing the counterclaim of the opportunity to respond to the counterclaim. Accordingly, we conclude that the Bayview parties’ counterclaim, filed after the entry of the judgment in this matter, was a nullity.
For the reasons set forth above, we conclude that the trial court never had jurisdiction over the Bayview parties’ counterclaim. Accordingly, to the extent that the summary judgment purported to grant a declaratory judgment in favor of the Bayview parties on their counterclaim, the judgment is void.
Because we find that the judgment in favor of the Bayview parties on their counterclaim is void, we pretermit discussion of the plaintiffs’ contention that the trial court erred in considering the Bayview parties’ supplemental motion for a summary judgment.
Because we hold that there was no joint stipulation of dismissal filed before the entry of the trial court’s February 2012 summary judgment, we affirm that portion of the judgment in favor of Inter-bay and the Bayview parties on the plaintiffs’ claims against them. That portion of the judgment purporting to grant a declaratory judgment in favor of the Bayview parties on their counterclaim is void. Because a void judgment will not support an appeal, we must dismiss the appeal as to the judgment entered on the counterclaim. Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). In doing so, however, we instruct the trial court to vacate its void judgment. See Alabama Dep’t of Envtl. Mgmt. v. Friends of Hurricane Creek, 114 So.3d 47, 55 (Ala.Civ.App.2012).
AFFIRMED IN PART; APPEAL DISMISSED IN PART WITH INSTRUCTIONS.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
MOORE, J., concurs in the result, without writing.

. In Espinoza, our supreme court distinguished between the consequences of failing to pay a filing fee upon the filing of a complaint, which is jurisdictional, § 12-19-70(a), Ala.Code 1975, and the failure to pay a docketing fee upon the filing of a counterclaim — a deficiency that can be cured. Espinoza, 46 So.3d at 414.