Rel: March 28, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

## CL-2024-0690

————————————————

**Brian Dwayne Hicks**

**v.**

**Charla Wood Hicks**

**Appeal from Geneva Circuit Court**
**(DR-10-172.02)**

MOORE, Presiding Judge.

Brian Dwayne Hicks ("the father") appeals from a judgment entered by the Geneva Circuit Court ("the circuit court") awarding Charla Wood Hicks ("the mother") a child-support arrearage. We reverse the judgment and remand the case to the circuit court with instructions.

In 2010, the circuit court entered a judgment divorcing the parties and ordering the father to pay $526.25 per month in child support for the benefit of the parties' two children. On May 24, 2021, the father filed a petition to modify his child-support obligation commencing on August 19, 2021, when the older child would reach the age of majority. The father served the mother with the complaint on May 25, 2021. On April 13, 2022, the circuit court entered a pendente lite order requiring the father to pay $186 per month in child support for the benefit of the younger child. The circuit court continued the case repeatedly over the next two years until, on April 3, 2024, it granted the father's motion to voluntarily dismiss the case. See Rule 41(a)(2), Ala. R. Civ. P.

On April 18, 2024, the mother filed a motion to amend the judgment of dismissal, asserting that the father owed a child-support arrearage. The mother alleged that, beginning in September 2021, the father had unilaterally reduced the $526.25 monthly child-support payments to $270 for 7 months, before reducing the payments to $186 following the entry of the pendente lite order. The mother contended that the father owed an arrearage of $36,569.39, which included 7.5% monthly interest on the principal amount due. On the same date that the mother filed the

2

postjudgment motion, the circuit court amended the judgment of dismissal to award the mother the $36,569.39 that she had requested. The father filed a postjudgment motion to vacate the amended judgment, which, after a hearing, was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. The father timely appealed.

According to Rule 41(a)(2), when a complainant files a motion to voluntarily dismiss his or her complaint pursuant to that rule, the dismissal may be accomplished only "upon order of the court and upon such terms and conditions as the court deems proper." In this case, on April 3, 2024, the father filed a Rule 41(a)(2) motion to dismiss, asserting that he had no child-support arrearage and requesting that his modification petition be dismissed, with the costs taxed as paid. Thirty-three minutes later, the circuit court granted the motion on the terms that the father requested. Fifteen days later, the mother filed a motion to amend the dismissal order pursuant to Rule 59, Ala. R. Civ. P. See Emergency Recovery, Inc. v. Hufnagle, 77 F.4th 1317 (11th Cir. 2023) (holding, under Federal Rules of Civil Procedure analogous to Alabama Rules of Civil Procedure, that an opposing party may file a Rule 59 motion to alter, amend, or vacate a Rule 41(a)(2) dismissal). The circuit

3

court purported to grant that motion by amending the judgment to award the mother the child-support arrearage she had claimed in her motion.

"A trial court's jurisdiction to amend its judgment while a party's postjudgment motion is pending does not extend to granting new relief that was requested after the judgment had already been entered." Walker v. Walker, 216 So. 3d 1262, 1273 (Ala. Civ. App. 2016).  In this case, the mother alleged for the first time in her postjudgment motion that the father owed a child-support arrearage, which, she asserted, had accumulated since September 2021.  "A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."  Rule 13(e), Ala. R. Civ. P.  At no point in the proceedings did the mother request leave of court to file a supplemental pleading, or file a supplemental pleading, to state a counterclaim for a child support-arrearage.  The mother could not utilize postjudgment practice to request new relief after the case had been dismissed.  Under Rule 41(a)(2), "[i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action may be dismissed but the counterclaim shall remain pending for adjudication by

4

the court." A party may not, however, assert a counterclaim after a judgment of dismissal has been entered. Davis v. Bayview Loan Servicing, LLC, 132 So. 3d 662, 667 (Ala. Civ. App. 2013) ("Once a judgment has been entered in a case, a party cannot be permitted to file a counterclaim in the same matter.").

The circuit court erred in amending the judgment to award the mother a child-support arrearage that she had never before claimed. Additionally, we conclude that the circuit court violated the father's due-process rights when it amended the judgment. The record shows that the circuit court amended the judgment only two hours and two minutes after the mother filed her postjudgment motion. The circuit court based its decision solely on the allegations in that motion and an exhibit attached thereto, which purported to show how the mother had calculated the arrearage amount. The circuit court did not allow the father to even respond to the motion before imposing a significant monetary judgment against him. In child-support proceedings, a parent is entitled to notice, an opportunity to be heard, the right to cross-examine witnesses, and all other minimum safeguards necessary to assure due process before an adverse judgment may be entered against him or her. See Kellum v.

5

Jones, 591 So. 2d 891, 893 (Ala. Civ. App. 1991). The circuit court did not afford the father even a modicum of due process in this case.

Therefore, we reverse the circuit court's judgment. On remand, the circuit court shall vacate that portion of the judgment purporting to award the mother a child-support arrearage of $36,569.39. The mother may file her claim for any child-support arrearage in a separate action. The claim for the alleged child-support arrearage was not a compulsory counterclaim that had to be filed in the underlying action. Rule 13(a), Ala. R. Civ. P., provides, in pertinent part, that "[a] pleading shall state as a counterclaim <u>any claim which at the time of serving the pleading the pleader has against any opposing party</u>, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ...." (Emphasis added.) The mother did not have a claim for a child-support arrearage at the time she was served with the modification petition. Hence, the claim would not be subject to dismissal based on the compulsory-counterclaim rule in the subsequent action. See <u>Liberty Mut. Ins. Co. v. Wheelwright Trucking Co.</u>, 851 So. 2d 466, 484 (Ala. 2002). We further note that, because the circuit court did not specify otherwise, the dismissal was without prejudice, <u>see</u> Rule 41(a)(2), so there has been

6

no entry of a judgment on the merits. See Prestige Design & Build, LLC v. James, [Ms. SC-2024-0667, Jan. 10, 2025] ___ So. 3d ___ (Ala. 2025).

Based on our disposition, we pretermit consideration of the other reasons the father contends warrant reversal of the circuit court's judgment.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, and Fridy, JJ., concur.

Lewis, J., concurs in the result, without opinion.